And our last case this morning is Cave v. Valenti. May it please the court, counsel. My name is Steve Ron and with co-counsel Michael Hampelman, we have the privilege of representing officers Colin Valenti and Demareil Johnson of the Springfield Police Department in this matter. On October 7 of 2019 at around 1030 PM, the officers were called to the home of Plaintiff Julia Cave and Plaintiff Larry Anthony Greer, also a former plaintiff, Larry Greer Jr. Mr. Con, can I issue some questions here just to understand what is going on in this case?  Do you agree that the excessive force claim brought by Julia Cave or the excessive force theory should be submitted to a jury? The tightening of the handcuffs. No, I, I don't believe there's any evidence at this point or that the, um, that the officer had any knowledge. That there was any tightening of the handcuffs or she said, she said it correct. So that's isn't, but he said, but every defendant says, I said to tie not to take them off, not to tighten them. The question she was asking was for them to take it off and based on her, just the officer's knowledge that she had lupus. I don't think there's any case law that suggests that a reasonable offer. No officer knows what the effect of lupus would be in those situations that if somebody claims to have lupus, they are not able to be handcuffed. So what's the defense? What's the officer defense at summary judgment with respect to that particular theory? The officer's defense is that. She was unruly. She was out of control. She was interfering with their investigation. I got it. But how is the judge to determine that at summary judgment? How is the district? Those are disputed. She she's not admitting to any of that stuff. I think what the judge is basically saying, and what the plaintiff is basically saying is that if a person claims to have lupus, the officer needs to know not to handcuff them. Well, no, I don't think it's that I don't think it's quite that. I think what she's saying is she told the officer she had lupus, the handcuffs were hurting her and she asked them to loosen them and the officer instead tightened the handcuffs. Now, I know the officer totally disagrees with that characterization and she very well may lose at trial. And there are ways to deal with vexatious litigation and frivolous claims and things like that. But that doesn't necessarily mean that a plaintiff doesn't get a trial on that claim. And I mean, I'm not I'm not I don't understand that your theory to be that the officers have qualified immunity for this. It just seems to me to be that this is just a disputed fact as to whether or not the officers engaged in excessive force in putting handcuffs on her, briefly detaining her. I believe we we are relying solely on on that particular point on qualified immunity that and a person saying that they have lupus is sufficient to suggest that they should not be handcuffed. Right. And I think let me point to the next one. What about the excessive force theory submitted by Larry Anthony? I think there there was no excessive force and there is not a factual dispute on that point because it's all supported by the videos. In this case, we had a person, the officers arrived at what can be called a melee. There was a bunch of people yelling. Two of them at least were either in the process of fighting, about to fight, just finished fighting or whatever. And they tried to they didn't know they didn't know who called the police, who was the victim, who's the trespasser, who's the homeowner. And all they see is a bunch of people yelling at each other about the fight and a person runs into the house. Now, this is Mr. Ron, can I ask you one of the things that I have had a heck of a time with and I'm going to ask your adversary. I've had a heck of a time in this case, figuring out what is it that is before us on appeal? What is it that you want us to decide? There are and I'll tell you, I'll tell you exactly why I'm saying this. The complaint that was filed in federal court is massively confusing. It has a single fourth amendment count with multiple bullet points under it as to theories of liability. When the litigation proceeds in the district court, there are very confused efforts to put qualified immunity on the table. This case comes to us on appeal. I know the names of the people that are involved. I can tell you that much. I can tell you who the police officers are and I can tell you who the plaintiffs are. What I can't tell you with any confidence is what you want us to decide on appeal. I don't know. I would like the court to find that these officers had qualified immunity for detaining these two individuals for a short period of time. Which two people as to what alleged conduct? Larry Anthony and his mother, Julia Cave, were the two people who were interfering. Well, Julia Cave was interfering with our ability to figure out what was going on. Larry Anthony ran from the scene into the house. I know. I think I have a sense of what happened factually. So you want us to decide as to the two police officers on the merits or on qualified immunity? On qualified immunity. As to Julia Cave, as to what? The handcuffing alone or the detention that preceded the handcuffing? There was no detention that preceded the handcuffing. I thought she was eventually handcuffed and then the handcuffs were tightened, right? Is there a seizure claim that it's just a seizure of her? Yes. She was handcuffed and then placed in a... And you want us to decide that on qualified immunity grounds? Yes. Okay. Go ahead. And then on Larry Anthony's, I would like you to decide that when a person runs from a melee... What defendants and what alleged claim? What claim? Larry Anthony is a plaintiff. The defendants are the police officers. Correct. And that when an individual runs from a fight scene into the house where the officers don't know who was involved, they just arrived, they're entitled to bring that individual back out so they can sort out everything. And when that individual answers the door with a bat, the officers have qualified immunity to disarm that individual. Okay. Is there any issue before us at all as to the police officer's entry into the home? Yes. The plaintiffs have made that argument. I think that if a person that is justified under qualified immunity as well, when a person answers the door with a baseball bat and refuses to drop it, the officers are entitled to disarm them. Necessarily, that would... Under what? Exigent circumstances or what? Yes. That he poses a threat to himself and the officers. And have you ever raised that? Is that briefed anywhere? Because I don't see any issue... In the briefs that you've submitted, there's no reply brief. In the briefs that are submitted, I don't see any challenge to the district court's handling of the police officer defendant's entry into the home, warrantless entry into the home. So when I don't see a challenge to that, I think maybe the defendant officers are agreeing that that claim in the complaint should go to trial. No, that's not the case, Your Honor. And we argue in our brief that when Larry Anthony answers the door with a bat and they don't know his role in the whole situation here, whether he was a perpetrator, whether he was a victim, they are entitled under qualified immunity to disarm that person. And if need be, they... Are you confident that in 30 seconds here that your adversary is going to agree with your characterization that Larry Anthony Jr. opened up the door and displayed a baseball bat? Yes. That's on the body-worn camera video. The dispute is whether he ran into the house with the bat. So it sounds to me like you want us to decide the issue with Ms. Cave, the handcuffing. Larry Anthony Jr., the entry into the home, or Larry Anthony, what's his name, Greer? Greer. Okay, the entry into the home. And once inside the home, the detention of him. Are there any other issues? Those are the three issues, yes. And what two defendants? Colin Valenti and Demarero Johnson. On all three of those claims? No. Only Colin Valenti is... The count against... Julia Cave's count is only against Colin Valenti. We have to decide this. Defendant by defendant, claim by claim. Yes. Julia Cave has a claim against Colin Valenti only. Larry Anthony has a claim against Colin Valenti and Demarero Johnson. Okay. Thank you. Mr. Brown. Hi. Good afternoon, everyone. May it please the court. My name is Dylan Brown, and I represent the Appleese, Julia Cave, and her son, Larry Anthony Greer. Mr. Brown, can you start right where Mr. Khan left off? Those are the same questions I'm asking. I mean, what are you asking of us? What do we have to decide? What if I go to a jury? Sure. So the issues that immediately have to go to the jury are the unreasonable force against the two remaining plaintiffs, because those weren't addressed at all on appeal. Only qualified immunity as it applies to the seizure and detention. And I would argue that they barely even addressed the warrantless entry into the home. Wait. So unreasonable force, you're talking about with respect to Julia Cave, talking about the handcuffs, the tightening of the handcuffs, not the putting in the handcuffs. That was resolved at summary judgment. And under the circumstances, there's no issue there that what the officers did was reasonable when they put her in handcuffs. Well, we think that the detention itself was unreasonable, but until the actual putting on the handcuffs too tight, then with the knowledge that she had a medical condition and the judge found this, that no reasonable officer with knowledge of this medical condition and the pain that- Right. So that's a very excessive force. Yeah. That is with the handcuffs. And then there's also an excessive force. I mean, I'm getting more confused. Is there a challenge before us to the original detention of Julia Cave? Not the tightening. Forget the tightening of the handcuffs. I understand that. Yes. So the defendant officers, the appellants, argue that they're entitled to qualified immunity because detaining Julia Cave was objectively reasonable under the circumstances. So in your view, that's before us? In my view, that is before us. The original detention and then second, the tightening of the handcuffs. Well, we believe that that is actually not in front of you because that's the unreasonable force, which they didn't even brief or raise in their- See, one of the things that I think has made this immensely difficult- Is the way that you prepared your complaint. And it's you, it's not the court doesn't prepare complaints. Understood. If there are multiple instances of Fourth Amendment violations or allegations of Fourth Amendment violations, we often see them set out as separate counts. Violation one is count one, violation two is count two. And what we have here are a series of bullet points. And it's been very difficult to sort out what happened with each of those bullet point allegations and what is now on appeal. Okay. So we would maintain that what the live issues are, the warrantless entry into the house, which is an unconstitutional seizure, and also the lawful seizure and detention of both Julia Cave and her son, Larry Anthony. And then we also believe that the unreasonable force or excessive force claims are not actually in front of you, but are live claims at the district court because they were not raised on appeal. That's our opinion. And we raised that early in our response brief to say, well, let's also talk about what isn't in front of you and what is not subject to this appeal. I believe what we raised that pretty early on. You litigate the entry into the house separately from the other aspects of what was going on with Larry Anthony Greer. Well, we addressed it at the appellate or I'm sorry, you know, we address it in the summary judgment level where we talked about warrantless entry is in itself an unconstitutional search and seizure. And was that a separate claim? Yes, ma'am, it was. The claim involving the search of the house? Yes, it was. Yeah, it ties into the search of the house. It's separate than the illegal detention of the individuals themselves. So it kind of goes, the warrantless- I know it can be. I'm questioning whether it was in this litigation. I believe so. It's part of this problem about isolating what claims were actually raised in this case and what defenses were raised. And that's what the court is struggling with on both sides because the presentation was really confusing. I apologize for that. So like I said, we believe that on appeal, at least, qualified immunity- Let's start with what was presented as a claim. If you can just in one quick minute, tick through the claims that you presented to the district. Sure. We'll separate the dismissed claims, obviously. But the ones that we presented to the district court were unreasonable and excessive force against, from Julia Cave, unreasonable excessive force claim for her son, Larry Anthony, unlawful detention of both Larry Anthony and Julia Cave, and then also the illegal warrantless entry and search of the house. You lost on summary judgment regarding any of the claims having to do with Larry Anthony? No. Only his father, which is also in of itself confusing because the father is Larry Greer Jr. So his case, which was, his case was dismissed on summary judgment. The issue of the search that turned, the search of the house and the arrest of Larry Anthony had to do with the dispute over the bat, right? Well, I think- Whether he had a bat outside the house or only inside the house? Well, I think that they have, and this is getting kind of argumentative, but we believe that they created a false narrative that he possessed the bat outside of the house, which then necessitated this pursuit into the house, which, you know, and then this violent tackling, they put a taser in his back, they threatened him and tackle him. And it's this total, you know, in the words of my opposing counsel, this melee inside the house under these false pretenses. And we think that the warrantless entry into the house in of itself is its own claim, which is a claim that both Larry Anthony and Julia Greer have, they are the homeowners, but then also the detention and violent seizure of him would be a separate claim of Larry Anthony. Yeah, now this seems, this sounds different. What you're saying in the courtroom is clarifying, but I will tell you, it seems different to me than what you filed in the complaint and the way it was litigated. It seemed to me that the argument was being made that the reason there was a warrantless, a problem with a warrantless entry into the home was because once inside the home, they unlawfully seized Larry Anthony Greer. And I'm thinking to myself, hold on, there could be two Fourth Amendment violations. The first is the unlawful entry into the home. And the second is what then transpired inside the home. And if I haven't made my point, that's exactly, that's the point I'm attempting to make. So if I'm not doing it well, I apologize. So that is how we view the entry into the home is two separate Fourth Amendment claims when one of them then becomes the violent detention and seizure of the individual himself. Right. So I thought that we had addressed that well enough in section C of our brief. And if we did not, I apologize. But anyway, briefly, I will say, though, I'd like to reiterate our position, though, that we don't believe that this court has jurisdiction for this appeal on the issue of qualified immunity, because we believe that Judge Lawless found that the defense here turns on disputed issues of fact rather than law. And this court's precedents on this issue are well established. That's why I was trying to get to the bottom of what claims were litigated and how and how were they decided by the district court with respect to Larry Anthony and the younger. It has to do with this dispute over whether he had a bat outside the house or just inside the house. Sure. And Judge Lawless identified this very factual dispute. She held the quote, if he did not have a bat, then the officer's warrantless entry into the home and subsequent detention of the minor would not be objectively reasonable. So we believe that she clearly found that to be a fact based issue about whether they're entitled to go in the house in first place, whether there is any objectively reasonable reason to pursue an unarmed minor into his own home. Part of it is a factual dispute. The other part is a legal conclusion. And we do have authority to review the legal conclusion. And it really doesn't matter whether he had a bat outside. It was a very volatile, violent situation. And he fled through the yard without stopping when he was told to stop. And so whether or not he had a bat outside really doesn't matter. There was probable cause to pursue him based on the nature of the police call, which was responding to a domestic incident where someone was being held inside the house against her will. And as the police are responding to the scene, Larry Anthony, the younger, arrives and starts running across the yard and enters the house without stopping, even though he's being ordered to stop. And one of the officers thought he saw a bat. The other officer didn't. But they're entitled to pursue at that point. So it doesn't really matter whether the district judge thought that the dispute about the bat made a difference. What matters is how this court views the record and whether the legal issue turns on the existence of the bat or doesn't turn on the existence of the bat outside the house. We know he had one inside the house. Okay. Yeah, I guess I would just push back on the notion that either of these cops saw him fleeing into the house. His first appearance as an officer, Copernicus, the first responding officer from the Springfield Police Department, he's seen on officer Copernicus. And as Judge Lawless notes, he's clearly not holding the bat. And then by the time that officers Valenti and Mario Johnson arrived to the scene, he's already on his porch. So the notion that they're saying, hey, stop, stop, stop. I mean, he's, he's, he's already on his porch. So the officers said he had a bat outside the house. That's the dispute that the judge was focused on. That's true. But she also noticed, well, and it's our position, of course, that this is all a fabricated effort, because these officers knew that their actions were objectively unreasonable. And then they pay for over the record, which includes filing police, filing false police reports, claiming that they're responding to a of an individual armed with a bat when there's absolutely no supporting evidence of that whatsoever, including Officer DeMario Johnson under oath in front of the Springfield Police Department, admitting that the call that went out was that Madison Greer's parents wouldn't let her leave the house. So they went through these extraordinary efforts to create this, as we put it, fake narrative that they that this minor had a bat outside of his house. And the only evidence that he did is their litigation inspired narratives. So I know I'm over my time. And if you don't have any more questions, I will. Thank you very much. Ron, your time had expired to have something very briefly in rebuttal. Very briefly, Your Honor, I do believe that the situation that the officers were entitled to pursue Larry Anthony, and when he presented with a bat, that is what justified the entrance and the detention. Thank you. Thank you very much. Our thanks to all counsel. We'll take the case under advisement and that concludes court's calendar for today. We are in recess.